UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────────

CHERYL L. TITUS, on behalf of N.M.C.,

                    Plaintiff,

          V.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                    Defendant.

─────────────────────────────────────

**REPORT AND
RECOMMENDATION**

09-CV-0093
(GTS/VEB)

## I. INTRODUCTION

In June of 2006, Plaintiff Cheryl L. Titus filed an application for Supplemental Security Income ("SSI") benefits under the Social Security Act on behalf her son, N.M.C. ("Claimant"), alleging disability based upon learning impairments.[1]  The Commissioner of Social Security denied the application.

Plaintiff, through her attorneys, Hinman, Howard & Kattell, Eugene D. Faughnan, Esq., commenced this action on January 27, 2009, by filing a Complaint in the United States District Court for the Northern District of New York. (Docket No. 1).  Plaintiff seeks judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

On May 10, 2010, the Honorable Norman A. Mordue, Chief United States District Judge, referred this case to the undersigned for a Report and Recommendation pursuant

─────────────────────────────

[1]Claimant is a minor.  Thus, in accordance with Rule 5.2 (a) of the Federal Rules of Civil Procedure, he will be referred to as "Claimant" or by his initials in this Report and Recommendation.

to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 11).

## II. BACKGROUND

The relevant procedural history may be summarized as follows. Plaintiff is the mother of Claimant, a minor child.  On February 9, 2006, Plaintiff filed an application for SSI benefits on Claimant's behalf, alleging disability beginning on January 15, 2004. (T at 41-42).[2]  The application was denied initially on May 19, 2006. (T at 37-40).

Plaintiff filed a timely request for a hearing before an Administrative Law Judge ("ALJ"). (T at 31-32).  On April 7, 2008, a hearing was held in Bradley Beach, New York, before ALJ Dennis O'Leary.  (T at 263).  Plaintiff appeared with Claimant, but without counsel.  (T at 263, 267).  Plaintiff and Claimant testified. (T at 263-280).

On May 20, 2008, ALJ O'Leary issued a written decision denying the application for SSI benefits and finding that Claimant is not disabled.  (T at 12-25).   The ALJ's decision became the Commissioner's final decision on November 28, 2008, when the Appeals Council denied Plaintiff's request for review.  (T at 5-9).

Plaintiff, acting on Claimant's behalf, commenced this action by and through her attorneys, on January 27, 2009 (Docket No. 1).  The Commissioner interposed an Answer on May 14, 2009. (Docket No. 6).  Plaintiff filed a supporting Brief on June 29, 2009. (Docket No. 8).  The Commissioner filed a Brief in opposition on July 7, 2009. (Docket No. 9).

Pursuant to General Order No. 18, as issued by the Chief District Judge of the

---

[2]Citations to "T" refer to the Administrative Transcript.  (Docket No. 5)

2

Northern District of New York, "[t]he Magistrate Judge will treat the proceeding as if both parties had accompanied their briefs with a motion for judgment on the pleadings . . . ."

For the reasons set forth below, this Court recommends that the Commissioner's motion be denied, Plaintiff's motion be granted, and this case be remanded pursuant to sentence four of 42 U.S.C. § 405 (g) for further proceedings.

## III. DISCUSSION

**A.    Legal Standard**

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir.1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir.1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); see Grey v. Heckler, 721 F.2d 41, 46 (2d Cir.1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir.1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Where evidence is deemed susceptible to more than

one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir.1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams v. Bowen, 859 F.2d 255, 258 (2d Cir.1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F.Supp. 147, 153 (S.D.N.Y.1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir.1984).

An individual under the age of eighteen (18) is disabled, and thus eligible for SSI benefits, if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(i). However, that definitional provision excludes from coverage any "individual under the age of [eighteen] who engages in substantial gainful activity...." 42 U.S.C. § 1382c(a)(3)(C)(ii).

By regulation, the agency has prescribed a three-step evaluative process to be employed in determining whether a child can meet the statutory definition of disability. 20

4

C.F.R. § 416.924; Kittles v. Barnhart, 245 F.Supp.2d 479, 487-88 (E.D.N.Y.2003); Ramos v. Barnhart, 02 Civ.3127, 2003 WL 21032012, at *7 (S.D.N.Y. May 6, 2003).

The first step of the test, which bears some similarity to the familiar five-step analysis employed in adult disability cases, requires a determination of whether the child has engaged in substantial gainful activity. 20 C .F.R. § 416.924(b); Kittles, 245 F.Supp.2d at 488. If so, then both statutorily and by regulation the child is ineligible for SSI benefits. 42 U.S.C. § 1382c(a)(3)(C)(ii); 20 C.F.R. § 416.924(b).

If the claimant has not engaged in substantial gainful activity, the second step of the test next requires examination of whether the child suffers from one or more medically determinable impairments that, either singly or in combination, are properly regarded as severe, in that they cause more than a minimal functional limitation. 20 C.F.R. § 416.924(c); Kittles, 245 F.Supp.2d at 488; Ramos, 2003 WL 21032012, at *7.

If the existence of a severe impairment is discerned, the agency must then determine, at the third step, whether it meets or equals a presumptively disabling condition identified in the listing of impairments set forth under 20 C.F.R. Pt. 404, Subpt. P., App. 1 (the "Listings"). Id. Equivalence to a listing can be either medical or functional. 20 C.F.R. § 416.924(d); Kittles, 245 F.Supp.2d at 488; Ramos, 2003 WL 21032012, at *7. If an impairment is found to meet, or qualify as medically or functionally equivalent to, a listed disability and the twelve-month durational requirement is satisfied, the claimant will be deemed disabled. 20 C.F.R. § 416.924(d)(1); Ramos, 2003 WL 21032012, at *8.

Analysis of functionality is informed by consideration of how a claimant functions in six main areas referred to as "domains." 20 C.F.R. § 416.926a(b)(1); Ramos, 2003 WL 21032012, at *8. The domains are described as "broad areas of functioning intended to

5

capture all of what a child can or cannot do." 20 C.F.R. § 416.926a(b)(1). Those domains include: (I) [a]cquiring and using information; (ii) [a]ttending and completing tasks; (iii) [i]nteracting and relating with others; (iv) [m]oving about and manipulating objects; (v) [c]aring for [oneself]; and (vi) [h]ealth and physical well-being. 20 C.F.R. § 416.926a(b)(1).

Functional equivalence is established in the event of a finding of an "extreme" limitation, meaning "more than marked," in a single domain. 20 C.F.R. § 416.926a(a); Ramos, 2003 WL 21032012, at *8. An "extreme limitation" is an impairment which "interferes very seriously with [the claimant's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(I) (emphasis added).

Alternatively, a finding of disability is warranted if a "marked" limitation is found in any two of the listed domains. 20 C.F.R. § 416.926a(a); Ramos, 2003 WL 21032012, at *8. A "marked limitation" exists when the impairment "interferes seriously with [the claimant's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(I). "A marked limitation may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with the ability to function (based upon age-appropriate expectations) independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.00(C).

**B.    Analysis**

**1.    Commissioner's Decision**

The ALJ noted that Claimant was born on January 17, 2000, and thus was

"preschooler" as defined pursuant to 20 CFR § 416.926a(g)(2) on January 25, 2006, the date the application for benefits was filed, and was a "school-age child" on May 20, 2008, the date of the ALJ's decision. (T at 15).  The ALJ found that Claimant had not engaged in substantial gainful activity at any time.  (T at 15).  He further determined that Claimant suffers from the following severe impairment pursuant to 20 CFR § 416.924 (c): attention deficit hyperactivity disorder.  (T at 15).

However, the ALJ found that Claimant did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix I (the "Listings").  (T at 15).  In addition, the ALJ concluded that Claimant did not have an impairment or combination of impairments that functionally equals an impairment set forth in the Listings. (T at 15).

As to the six domains of function: the ALJ determined that Claimant had: (1) less than marked limitation in acquiring and using information; (2) less than marked limitation with regard to attending and completing tasks; (3) no limitation in interacting and relating to others; (4) no limitation in moving about and manipulating objects; (5) no limitation in the ability to care for himself; and (6) no limitation with regard to health and physical well-being. (T at 20-24).

In light of the foregoing, the ALJ found that Claimant had not been disabled, as defined under the Act, since the date the application was filed.  (T at 24).  As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review.  (T at 5-9).

**2.      Plaintiff's Arguments**

Plaintiff offers the following two (2) principal arguments.  First, she argues that a

remand is necessary under sentence six of 42 U.S.C. § 405 (g) based upon newly acquired evidence.  Second, Plaintiff contends that the substantial weight of the medical evidence supports a finding of disability.

   **a.**  **Sentence Six Remand**

  The Social Security Act provides that a district court may remand a case to the Commissioner to consider additional evidence that was not included as part of the original administrative proceedings.  <u>See</u> 42 U.S.C. § 405(g) (sentence six) ("The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.").

  This type of remand, commonly referred to as a "sentence six remand," is only appropriate if new, non-cumulative evidence presented to the District Court should be considered by the Commissioner *and* if the claimant can establish good cause for having failed to present the evidence during the original administrative proceedings.  <u>See</u> <u>Lisa v. Sec'y of Dep't of Health and Human Servs.</u>, 940 F.2d 40, 43 (2d Cir.1991).

  In the Second Circuit, courts employ a three-prong test to determine whether a sentence six remand is warranted.  <u>Tirado v. Bowen</u>, 842 F.2d 595, 597 (2d Cir.1988). First, the evidence must be "new" and not merely cumulative of evidence in the administrative record.  <u>Id.</u> (citing <u>Szubak v. Secretary of Health & Human Services</u>, 745 F.2d 831, 833 (3d Cir.1984)).  Second, the new evidence must be "material," *i.e.* "it must be relevant to the claimant's condition during the time period for which benefits were denied and probative." <u>Id.</u> (citing <u>Cutler v. Weinberger</u>, 516 F.2d 1282, 1285 (2d Cir.1975)).  The "materiality" prong further requires a finding that there is a reasonable possibility that the new evidence would

have changed the outcome before the Commissioner. See Jones v. Sullivan, 949 F.2d 57, 60 (2d Cir.1991). Third and finally, the plaintiff must demonstrate good cause for failing to present the evidence earlier. Lisa, 940 F.2d at 43.

Plaintiff argues that a "sentence six" remand is warranted for consideration of an individual functional assessment completed by Dr. Fras, a treating physician, on June 17, 2008. (T at 248-250).  In that assessment, Dr. Fras opined that Claimant had "some behaviors" related to ADHD and noted that Plaintiff had "reported oppositional behavior as well." (T at 248).  Dr. Fras assessed the overall level of limitation as "moderate," with no limitation as to communicative development/function; moderate limitation with respect to motor development/function; no limitation regarding social developments/function; marked limitation as to personal/behavioral development/function; and marked limitation as to concentration, persistence, and pace. (T at 249-250).  Dr. Fras concluded by noting that Claimant had "benefitted significantly from medication with reduction of [the] above noted ADHD symptom[s]." (T at 250).

This Court finds that Plaintiff's request for a sentence six remand is misplaced. Although Dr. Fras's assessment was completed a month after the ALJ's decision, it was submitted to and considered by the Appeals Council. (T at 6, 8).  As such, it is not "newly acquired evidence" and a sentence six remand would not be appropriate.  See, e.g., Peacock v. Astrue, 07-CV-458, 2008 WL 2074426, at *3 (M.D.Ala. May 15, 2008) (declining to remand under sentence six of 42 U.S.C. § 405(g) where evidence was not available to the ALJ, but was considered by the Appeals Council, because sentence six does not "grant a court the power to remand for reconsideration of evidence previously considered by the Appeals Council"); Ingram v. Comm'r of Social Sec., 496 F.3d 1253, 1269 (11th Cir.

2007)("Because evidence properly presented to the Appeals Council has been considered by the Commissioner and is part of the administrative record, that evidence can be the basis for only a sentence four remand, not a sentence six remand."); see generally Perez v. Chater, 77 F.3d 41, 45 (2d Cir.1996) (holding that "new evidence submitted to the Appeals Council following the ALJ's decision becomes part of the administrative record for judicial review when the Appeals Council denies review of the ALJ's decision"). Accordingly, Plaintiff's request for a sentence six remand should be denied.

### b.   Appeals Council

Although a sentence six remand is not warranted, in the interests of justice, this Court will construe Plaintiff's argument as a claim that a sentence four remand is warranted because the Appeals Council erred by failing to properly consider Dr. Fras's assessment.

The Appeals Council shall consider "new and material" evidence if it "relates to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. § 404.970(b); see also § 416.1470(b); Perez v. Chater, 77 F.3d 41, 45 (2d Cir.1996). The Appeals Council "will then review the case if it finds that the [ALJ]'s action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970(b); see § 416.1470(b)."

To obtain a review of the additional evidence, the claimant must establish that "the proffered evidence is (1) new and not merely cumulative of what is already in the record, and that it is (2) material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative." Sergenton v. Barnhart, 470 F.Supp.2d 194, 204 (E.D.N.Y.2007) (citing Lisa v. Sec'y of Health & Human Servs., 940 F.2d 40, 43 (2d Cir.1991)).

10

Evidence is "material" if there is "a reasonable possibility that the new evidence would have influenced the Secretary to decide claimant's application differently." Id. If the Appeals Council fails to consider new, material evidence, "the proper course for the reviewing court is to remand the case for reconsideration in light of the new evidence." Shrack v. Astrue, 608 F.Supp.2d 297, 302 (D.Conn.2009).

In this case, the Appeals Council considered Dr. Fras's assessment, but found that it did not provide a basis for changing the ALJ's hearing decision. The Appeals Council offered three (3) justifications for this conclusion: Dr. Fras's assessment was not supported by treatment notes or other corroborating evidence, the assessment appears to be based "at least partially" on subjective statements from Plaintiff, and the assessment related to a time period after the ALJ's decision. (T at 6).

This Court finds these justifications insufficient to sustain the Commissioner's decision.

"[W]here newly submitted evidence consists of findings made by a claimant's treating physician, the treating physician rule applies, and the Appeals Council must give good reasons for the weight accorded to a treating source's medical opinion." James v. Commissioner of Social Security, No. 06-CV-6180, 2009 WL 2496485, at *10 (E.D.N.Y. Aug. 14, 2009).

Indeed, the Second Circuit has said "the Appeals Council [has] an obligation to explain the weight it g[ives] to the opinions of [a treating physician]." Snell v. Apfel, 177 F.3d 128, 133-34 (2d Cir.1999)(holding that the Commissioner "is required to explain the weight it gives to the opinions of a treating physician"); 20 C.F.R. § 404.1527(d)(2) ( "We will always give good reasons in our notice of determination or decision for the weight we give

11

your treating source's opinion.").

"Failure to provide 'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand." Snell, 177 F.3d at 134; see also Farina v. Barnhart, No. 04-CV-1299 (JG), 2005 WL 91308, at *5 (E.D.N.Y. Jan.18, 2005) (remanding for further proceedings where the Appeals Council failed to acknowledge receipt of new evidence from claimant's treating physician and failed to "provide the type of explanation required under the treating physician rule" when denying review)); Shrack v. Astrue, No. 3:08-CV-00168, 2009 WL 712362, at *3 (D.Conn. Mar. 17, 2009)("Importantly, the treating physician rule applies to the Appeal's [sic] Council when the new evidence at issue reflects the findings and opinions of a treating physician.").

In this case, the Appeals Council's summary dismissal of Dr. Fras's assessment based upon the lack of treatment notes and the fact that the assessment may have been based, *in part*, on Plaintiff's subjective reports was insufficient to satisfy the treating physician's rule.

Both the ALJ and the Appeals Council have an affirmative obligation to develop the administrative record. See Anderson v. Astrue, No. 07-CV-4969, 2009 WL 2824584, at * 15 (E.D.N.Y. Aug. 28, 2009)("The Appeals Council, like the ALJ, has an affirmative duty to develop the record."); Boyd v. Apfel, No. 97-CV-7273, 1999 WL 1129055, at *5 (E.D.N.Y. Oct.15, 1999) (remanding because Appeals Council did not seek out clarifying information with respect to report by treating physician); Joe v. Apfel, No. 97-CV-772, 1998 WL 683771 at *5 (W.D.N.Y.1998) (remanding because "Commissioner erred in failing to develop the record at the Appeals Council level of review").

"Given the ALJ's duty to develop the record sua sponte, the Appeals Council may

not reject the treating physician's conclusions based solely on a lack of clear medical evidence or inconsistency without first attempting to fill the gaps in the administrative record." Valerio v. Commissioner of Social Sec., No. 08-CV-4253, 2009 WL 2424211, at *11 (E.D.N.Y. Aug. 6, 2009)(internal citations omitted); see also Taylor v. Astrue, No. CV-07-3469, 2008 WL 2437770, at *3 (E.D.N.Y. June 17, 2008) (finding it error for the ALJ to not re-contact Plaintiff's treating physician when he determined that the physician's opinion was "not well-supported by objective medical evidence").   This duty existed notwithstanding the fact that Plaintiff was represented by counsel in connection with the request for review submitted to the Appeals Council. (T at 254).  Thus, the Appeals Council erred by summarily dismissing Dr. Fras's findings without filling in the gaps in the administrative record, by (for example) seeking further information regarding the underlying basis for his assessment and clarification concerning the extent to which the assessment was based on Plaintiff's subjective reports.

Moreover, the Appeals Council's refusal to consider Dr. Fras's assessment because it post-dated the ALJ's decision was unsupported by any sound reasoning.  As noted above, the assessment post-dated the ALJ's decision by less than one month.  This fact, without more, does not justify summary dismissal of the physician's findings.  Examinations and testing conducted after the ALJ's decision is rendered may still be relevant if they clarify a pre-hearing disability and/or diagnoses. See Woodford v. Apfel, 93 F. Supp. 2d 521, 527 (S.D.N.Y. 2000).  Indeed, the Second Circuit has held that "medical evidence generated after an ALJ's decision cannot deemed irrelevant solely because of timing." Newbury v. Astrue, 321 Fed.Appx. 16, 2009 WL 780888, at *2 n.2 (2d Cir. Mar. 26, 2009)(citing Pollard v. Halter, 377 F.3d 183, 193 (2d Cir.2004)).

The categorical refusal to consider evidence solely because it was created after the date of the ALJ's decision is an error as a matter of law. Pollard, 377 F.3d at 193 ("Although the new evidence consists of documents generated after the ALJ rendered his decision, this does not necessarily mean that it had no bearing on the Commissioner's evaluation of [the Claimant's] claims. To the contrary, the evidence directly supports many of her earlier contentions regarding [the] condition. It strongly suggests that, during the relevant time period, [her] condition was far more serious than previously thought"); see also Sergenton v. Barnhart, 470 F. Supp.2d 194, 204 (E.D.N.Y. 2007).

In this case, there is nothing in Dr. Fras's assessment (made less than a month after the ALJ's decision) to indicate that his assessment was intended to apply only as of that date and not on any prior date. Indeed, Dr. Fras noted improvement in Claimant's condition, suggesting that condition had caused limitations over a significant period of time preceding the date of the assessment.

The Commissioner argues in his Brief that Dr. Fras's assessment was not material and would not have changed the ALJ's decision even if it had been considered. In particular, the Commissioner contends that Dr. Fras "undermined his opinion" regarding marked limitations by noting that Claimant benefitted from medication, resulting in a reduction of the "above noted" symptoms. (Docket No. 9, at p. 11). The Commissioner's argument assumes that Dr. Fras meant to imply that the medication improved Claimant's condition to the point where the limitations that he noted earlier in the report were no longer marked. This is one reading of the assessment, but not the only one. Indeed, one might just as easily (and perhaps more properly) conclude that Dr. Fras was indicating that the limitations included in his assessment represented an improvement from the limitations

14

prevailing prior to the administration of medication.  In other words, perhaps the physician meant to imply that the limitations were previously extreme, but had diminished to the point where they were "marked" as a result of the medication.  In any event, this arguable ambiguity is not properly resolved by speculation, but should be addressed on remand by contacting the treating physician and asking for clarification.

### 3.    Sentence Four Remand

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" Butts v. Barnhart, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)).  Remand is "appropriate where, due to inconsistencies in the medical evidence and/or significant gaps in the record, further findings would . . . plainly help to assure the proper disposition of [a] claim." Kirkland v. Astrue, No. 06 CV 4861, 2008 WL 267429, at *8 (E.D.N.Y. Jan. 29, 2008).

This Court cannot accept Plaintiff's contention that the administrative record, as supplemented by Dr. Fras's report, provides substantial evidence in support of a finding of disability.  However, given the deficiencies in the record as outlined above, it is recommended that the case be remanded under sentence four for further proceedings consistent with this Report and Recommendation.  In particular, Dr. Fras should be re-contacted to provide a further explanation regarding the impact of medication on Claimant's limitations, his assessment with regard to the nature and extent of those limitations during the relevant time period, and the basis for his assessment.

### IV. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the decision of the Commissioner be reversed, that the Commissioner's motion for judgment on the pleadings be DENIED, that Plaintiff's motion for judgment on the pleadings be GRANTED, and that the case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405 (g) for further administrative proceedings consistent with this Report and Recommendation.

Respectfully submitted,

Dated:    July 6, 2010
              Syracuse, New York

Victor E. Bianchini
United States Magistrate Judge

## V. ORDERS

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b)**

16

of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material *which could have been, but were not*, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

July 6, 2010

Victor E. Bianchini
United States Magistrate Judge

17